SKEEN et al. v. VAN SICKLE et al.

No. 4644.   Decided June 7, 1928.   (268 P. 562.)

*Pratt & Pratt,* of Ogden, for appellants.

*A. G. Horn, C. R. Hollingsworth,* and *Roy D. Thatcher,* all of Ogden, for respondents.

THURMAN, C. J.

This is an action between certain heirs of William Skeen, deceased, concerning the ownership of several tracts of land situated in Weber county, Utah. It is alleged in the complaint that William Skeen died February 13, 1903; that prior to his death, to wit, August 9, 1892, he and his wife, Caroline Skeen, signed and acknowledged a certain instrument in writing purporting to convey and warrant to four of their sons (naming them) certain tracts of land in Weber and Box Elder counties; that on the same date the said William Skeen and his said wife signed and acknowledged another instrument purporting to convey and warrant divers tracts of land in Weber county to his said wife and their daughters Rosabelle Van Sickle, Lydia Taylor, Pearl Martin, and Ada Williams, said daughters being defendants in this action. The instruments will hereinafter be referred to in the order above named as Exhibits A. and B. It is alleged that both of these instruments, as well as the tracts of land described, were retained in the possession of said William Skeen during his lifetime; that on February 13, 1903, he died, leaving surviving him as his heirs at law his said wife and 13 children whose names are alleged in the complaint. It is further alleged that in February, 1903, after his death, the above written instruments were found among his papers, and a controversy arose among the aforesaid heirs as to

the validity of said instruments and the rights of the grantees named therein to the property therein described, whereupon as a settlement of said controversy an agreement was entered into whereby the grantees named in Exhibit A. agreed to make no claim under said instrument and agreed that the property therein described might be distributed as part of the estate of said deceased in accordance with the law of succession, and in consideration thereof the grantees named in Exhibit B, defendants in this action, agreed to file Exhibit B for record, and convey all their right, title, and interest thereunder to their mother, the said Caroline Skeen, for her sole use and benefit during her lifetime, and said Caroline Skeen, in consideration thereof and by the terms of said agreement, undertook and agreed that after the settlement and distribution of said estate she would convey said property described in Exhibit B to her said children, namely, plaintiffs and defendants in this action, as tenants in common in equal undivided interests, but subject to her life estate; that thereafter, to wit, on February 25, 1903, said deed (Exhibit B) was filed for record in the office of the county recorder of Weber county and the defendants in this action by deed of conveyance on the date last aforesaid conveyed all their interest in said property described in Exhibit B to the said Caroline Skeen; that thereafter the tracts of land described in Exhibit A were inventoried as part of the estate of said William Skeen, and the same, together with other property, was afterwards distributed among his heirs at law in accordance with certain stipulations between them; that said Caroline Skeen took possession of the said property so conveyed to her by defendants and thereafter had the use and benefit of the same until October 25, 1925; that she, however, neglected, although requested so to do, to execute and convey to plaintiffs and defendants said tracts of land subject to her life estate; that on or about December 1, 1925, she died and her life estate in said tracts of land was thereby terminated; that for many years last past the said Caroline

Skeen lived with her daughter Ada Williams, one of the defendants herein, and by reason of the age and inability of said Caroline Skeen to care for herself and her incompetency to manage her estate she has been subject to the domination of said daughter Ada Williams, who has had the management and control of her affairs.

It is then alleged in the complaint that the defendants in this action, except Ada Williams, on August 2, 1921, commenced an action in the district court of Weber county against the said Caroline Skeen and Ada Williams to annul the aforesaid deed executed by defendants herein whereby they conveyed the property described in Exhibit B to Caroline Skeen on February 25, 1903, on the ground, as alleged, that the execution thereof had been fraudulently procured and induced by representations made by the administrator of the estate of said William Skeen, which administrator represented to them that other heirs of the estate were questioning the validity of said conveyance, and that expensive litigation would result, and that it was necessary that they convey said property to their mother in order to avoid said litigation; that said administrator further represented that, if they conveyed the property back to their mother, Caroline Skeen, she would hold said property for them until the estate of William Skeen was probated and would then reconvey to them the interests they had held under their former deed; that in reliance upon said representations they executed and delivered a deed therefor to their mother. They prayed that the deed so executed be held for naught and demanded that their mother be required to reconvey the property to them. Said action terminated in favor of the plaintiffs therein and a decree was entered accordingly October 8, 1924, directing said Caroline Skeen to convey to the plaintiffs in that action and to Ada Williams, each, one-fifth undivided interest in said property.

It is further alleged by plaintiffs herein on their information and belief that, although said Ada Williams had charge and control of the defense of her mother Caroline

Skeen in said action, she, nevertheless, aided and abetted plaintiffs therein in procuring said decree by reason of the benefit to herself resulting therefrom.

Plaintiffs pray judgment that they and the defendants be declared tenants in common of the property described in Exhibits A and B and that the decree of the court of October 8, 1924, be held for naught as far as concerns the interests of plaintiffs herein. Plaintiffs also pray for a partition of the property and for costs, attorney's fees, and other relief in the premises.

Separate answers were filed by some of the defendants, but it is unnecessary to state them separately in this statement of the case. They each admit the execution of the deeds, Exhibits A and B, and also the conveyance of the property described in Exhibit B to their mother. They admit the action brought to annul said conveyance and the decree of the court therein as hereinbefore stated. They further allege that another action was had between the same parties in which the property described in Exhibit B was partitioned among the parties in accordance with the decree in the former action. It is also alleged that the plaintiffs herein at all times had full knowledge of the existence of said actions and the result thereof and at no time questioned the claims of the defendants herein. The answer of defendants in effect denies every allegation of the complaint which tends to impeach the validity of their title to the property described in Exhibit B. Defendants also pleaded certain statutes of limitation and statute of frauds. They pray that plaintiffs' action be dismissed and for other relief.

The cause was tried to the court without a jury. Findings and judgment were entered for defendants, and plaintiffs appeal.

The only property involved in this controversy is the property described in Exhibit B. While it appears that William Skeen left surviving him two wives and 13 children,

the controversy here is between the children of Caroline, the first wife. Settlement with the other family was effected by compromise and their rights are not involved. Plaintiffs contend that the agreement among the heirs was that the property described in Exhibit B, subject to the life estate of their mother, Caroline, belonged to all of her children, plaintiffs and defendants in this action, share and share alike. Defendants, both in their answers and testimony, deny that any such agreement was entered into by them as contended by plaintiffs, and base their claim upon Exhibit B purporting to be a deed in fee simple to them and their mother, Caroline, signed and acknowledged by their father and mother in 1892. They claim that the deed executed by them to their mother in 1903 was induced by misrepresentations of the administrator of the estate of William Skeen; that they afterwards procured a decree of the district court of Weber county annulling said deed for fraud and by virtue of said decree their interests under Exhibit B, to wit, one-fifth each undivided, was reconveyed to them, and that said decree was not appealed from and had become final. It appears also that an action in partition concerning the same property was afterwards had between the same parties and partition thereof decreed in accordance with the former decree.

The trial court found that at no time was it agreed between Caroline Skeen and the defendants that the property conveyed by defendants to Caroline Skeen should revert to all of her heirs, to wit, the plaintiffs and defendants herein, but subject to a life estate retained by her. The court also found that Caroline Skeen was at no time incompetent or under the domination or control of her daughter Ada Williams. It also found that judgments were made and entered as alleged in the pleadings in the actions in which Caroline Skeen and the defendants herein were parties, and that said judgments had become final, had not been appealed from, and that there are no proceedings pending to modify or review the same.

The court further found that plaintiffs in this action were at all times aware of the claims of defendants herein to said property and knew of the pendency of said actions; that they attended the court at the trial of each of said cases, and not only had actual notice thereof, but made no objections whatever to the claim of these defendants to said property until the bringing of this action. Finally, the court found that the administrator of the estate of William Skeen had never been discharged and that the adminstration of the estate was still pending in that court. Conclusions of law were made in accordance with the findings and judgment entered dismissing the complaint upon the merits and awarding the property to the defendants with costs.

The principal errors relied on by appellants as grounds for reversing the judgment are that the evidence is insufficient to sustain certain findings and that the court failed to find upon a material issue presented by the complaint and supported by evidence at the trial. The foundation of plaintiffs' cause of action was an alleged agreement entered into by all the heirs of William Skeen shortly after his death in 1903. The alleged agreement was to the effect that the heirs named as grantees in Exhibit A would relinquish their claims thereunder and allow the property described therein to revert to the estate of William Skeen and be distributed as such. As consideration therefor the defendants herein and their mother, Caroline, as grantees under Exhibit B, would place their deed on record and said defendants would then deed all their interest under said deed to their mother, Caroline, for her sole use and benefit during her life, in consideration of which Caroline agreed that she would, after the settlement and distribution of the estate of said William Skeen, convey said property to Alexander Skeen and her said children, namely, the plaintiffs and defendants in this action, as tenants in common in equal undivided interests, subject to her life estate therein. It is then alleged in the complaint that Exhibit B was filed for record on February 25, 1903, and the defendants herein,

grantees in said deed, on March 12, 1903, made and executed their deed to Caroline Skeen for all their right, title, and interest in and to the property described in Exhibit B; that thereafter the tracts of land described in Exhibit A were inventoried as part of the estate of William Skeen and subsequently distributed as such. Such, in substance, is the agreement entered into by all the heirs interested in the property in controversy as alleged in the complaint. This alleged agreement was put in issue by the answers of defendants.

The agreement thus alleged among all the heirs interested in the property was the very gist of plaintiffs' cause of action. Without an agreement of some kind among all the heirs interested in the property, Exhibit B had no validity whatever, and the placing of it on record and attempting thereafter to convey it had no binding effect upon the other heirs not parties to the instrument. The uncontradicted evidence plainly shows that both Exhibit A and Exhibit B were void for want of delivery by the grantor. The court made no finding as to this agreement. The only finding made by the court as to any agreemnt was as follows:

"The court further finds that at no time was it agreed between the said Caroline Skeen and these defendants that the property so conveyed by defendants to her should revert to all of her heirs, plaintiffs and defendants herein, as tenants in common, but subject to a life estate retained by said Caroline Skeen, or otherwise, except as hereinbefore found."

We are clearly of the opinion that the finding so made by the court is not responsive to the issue presented by plaintiffs' complaint. What Caroline Skeen and the defendants may have agreed to or may not have agreed to as between themselves is not responsive to the real issue; that is, what they agreed to as between them and the other heirs including the plaintiffs here as alleged in the complaint. Besides this, it may be stated that any

agreement between Caroline Skeen and the defendants, grantees under Exhibit B, could give no validity to the instrument as a conveyance of land so as to bind the other heirs interested in the property described. It would require a strained interpretation of the language employed in the finding above quoted to hold that it fairly covers the issue tendered by the complaint, nor do we think it is aided by other findings of the court. We are therefore compelled to hold that the failure to find upon the issue referred to was error for which the cause should be remanded for further proceedings. There being no finding at all made on the issue referred to, we cannot consistently consider the question as to the sufficiency of the evidence.

Respondents, without filing cross-assignments, have spent considerable time and occupied considerable space in discussing errors of the court prejudicial to them during the course of the proceeding. They pleaded the statutes of limitation, also laches and estoppel. They also rely on the statute of frauds (Comp. Laws Utah 1917, § 5811) without either pleading it or properly objecting to the evidence when offered during the course of the tiral. It is sufficient to say that without a cross-assignment of errors none of these matters can be considered by the court.

The cause is therefore remanded to the trial court, with directions to make findings upon the issue to which we have referred, and if deemed necessary, to take further evidence and allow amendments to the pleadings in the discretion of the court. Costs of appeal to be taxed against respondents.

CHERRY, STRAUP, HANSEN, GIDEON, JJ., concur.