## SKEEN et al. v. VAN SICKLE et al.

No. 5253.   Decided October 24, 1932.   (15 P. [2d] 344.)

*De Vine, Howell & Stine* and *W. R. Skeen,* all of Ogden, for appellants.

*C. R. Hollingsworth* and *Thatcher & Young,* all of Ogden, for respondents.

MOFFAT, District Judge.

This is the second appeal of this case. On June 7, 1928, the former appeal was decided. 71 Utah 577, 268 P. 562, 565. In that opinion a complete statement of the issues is made to which those interested may refer.

When the cause was remanded upon the former appeal, the remanding statement was:

"The cause is therefore remanded to the trial court, with directions to make findings upon the issue to which we have referred, and if deemed necessary, to take further evidence and allow amendments to the pleadings in the discretion of the court."

The trial court was directed to do three things: (1) Make findings upon the issue; (2) take further evidence, if deemed necessary; (3) allow amendments to the pleadings in the discretion of the court. Amendments were allowed.

The court granted a motion for a new trial to permit the taking of further evidence. None was offered. It was stipulated that the trial be had upon the evidence introduced at the former trial and that no additional evidence be submitted. The trial court made findings of fact and conclusions of law, and entered a decree.

The court on the former appeal, after a statement of the allegations of the plaintiffs' complaint, said:

"It is then alleged in the complaint that Exhibit B [the deed from William Skeen and Caroline Skeen to Caroline Skeen and the defendants herein] was filed for record on February 25, 1903, and the defendants herein, grantees in said deed, on March 12, 1903, made and executed their deed to Caroline Skeen for all their right, title, and interest in and to the property described in Exhibit B; that there-

after the tracts of land described in Exhibi A were inventoried as part of the estate of William Skeen and subsequently distributed as such. Such, in substance, is the agreement entered into by all of the heirs interested in the property in controversy as alleged in the complaint. This alleged agreement was put in issue by the answers of defendants.

"The agreement thus alleged among all the heirs interested in the property was the very gist of plaintiffs' cause of action. *Without an agreement of some kind among all the heirs interested in the property, Exhibit B had no validity whatever, and the placing of it on record and attempting thereafter to convey it had no binding effect upon the other heirs not parties to the instrument. The uncontradicted evidence plainly shows that both Exhibit A and Exhibit B were void for want of delivery by the grantor.* The court made no finding as to this agreement. The only finding made by the court as to any agreement was as follows: 'The court further finds that at no time was it agreed between the said *Caroline Skeen and these defendants* that the property so conveyed by defendants to her should revert to all of her heirs, plaintiffs and defendants herein, as tenants in common, but subject to a life estate retained by said Caroline Skeen, or otherwise, except as hereinbefore found.' [Italics ours.]

"We are clearly of the opinion that the finding so made by the court is not responsive to the issue presented by plaintiffs' complaint."

In pursuance of the order of this court, the trial court upon the same evidence made the following finding:

"That at no time was it agreed between the said Caroline Skeen *and the plaintiffs* and the defendants *to this action* that the property so conveyed by the defendants to her should revert to all of her heirs, the same being the plaintiffs and the defendants herein, as tenants-in-common but subject to a life estate retained by said Caroline Skeen or otherwise, except as hereinbefore found." [Italics ours.]

The trial court has followed the instructions of this court, and has, in so far as the mechanics of the situation are concerned, done the three things that this court required. The trial court offered to permit the taking of further testimony. The parties stipulated to offer no further testimony. As to the evidence there is nothing before this court for review other or different from what was before this court on the former appeal. Has the change made in the finding advanced the solution of the issue? The trial court

allowed amendments to the pleadings. As will be seen later, the amendments did not aid in a solution. The only amendments submitted pleaded certain sections relating to limitations, fraud, and written instruments. No objection was made to and no error assigned because of the amendments. No further evidence was introduced in support thereof. There was submitted and adopted by the trial court findings, and it was decreed that plaintiffs' action was barred by the provisions of the sections pleaded. Error as to this is assigned.

For the plaintiffs to recover in this action upon their theory and as indicated in the former opinion, and as alleged in their pleadings, one of two propositions must be found in their favor: First, that the deed referred to as Exhibit B was and is void for all purposes, and that by some legal process Caroline Skeen became vested of the fee of said property described in Exhibit B, as alleged in plaintiffs' complaint; or, secondly, that there was an agreement between Caroline Skeen and the plaintiffs and the defendants and all other parties having an interest in the property that the property described in Exhibit B was held by Caroline Skeen under and subject to the alleged agreement as set out in paragraph 4 of plaintiffs' amended complaint. The allegations thereof so far as material here are:

"Said defendants and Caroline Skeen undertook, and agreed to file the last mentioned deed (Exhibit B) wherein they are grantees for record with the County Recorder of Weber County, Utah, and that thereupon the defendants, Rosabelle Van Sickle, Ada Williams, Pearl Martin and Lydia Taylor should convey to their mother, Caroline Skeen, all their right, title and interest in and to the real property mentioned and described in said deed for her sole use and benefit during her lifetime, and said Caroline Skeen in consideration thereof and by the terms of said agreement undertook and agreed that she would, after the settlement and distribution of the estate of said William Skeen convey said property to Alexander Skeen and her said children, namely, the plaintiffs and defendants in this action, as tenants-in-common in equal and undivided interests, but subject to the life estate of said Caroline Skeen."

On the former appeal (71 Utah 577, 268 P. 562) this court held that the finding relating to this agreement was not responsive to the issue. Clearly a finding that there was no agreement between Caroline Skeen and the defendants was not a finding that there was no agreement between Caroline Skeen and *the plaintiffs* and defendants. By the finding No. 4 on the present appeal it is found in effect that there is no agreement at all between the parties referred to, at least of the character pleaded. It is not overlooked that Alexander Skeen was one of the parties to the alleged agreement. Alexander Skeen is not a party to the action; but the evidence shows that he conveyed and relinquished any claim he may have had to the property in question.

The plaintiffs allege the agreement. The burden of proof as upon them to sustain the allegations of their complaint. Failing in this, judgment should be against them. The finding is negative. Had the finding been that the plaintiffs had failed to prove the alleged contract or had the court granted a nonsuit, the plaintiffs could not have complained, but, when the court found that between the said Caroline Skeen the plaintiffs and these defendants there was no contract as alleged, and after this court decided that Exhibit B was void, manifestly some further finding is necessary in relation to the question of title and the issues involved in order to support a judgment. The deed of William Skeen and Caroline Skeen to the defendants and Caroline Skeen (Exhibit B) having been found to be void, and the court having further found that there was no contract as alleged, it may be pertinently asked: Where is the title to the property in question and described in Exhibit B?

It is concluded and decreed that there was laches on the part of plaintiffs, and it is inferred therefrom that there was an estoppel. There are no facts found to support these conclusions.

It is said in finding No. 10:

"That the plaintiffs have been guilty, on the facts found by the court as set forth in findings of fact Nos. 6, 7 and 8, of laches and are, and each of them is, now estopped by reason thereof, from maintaining this action."

It is clear that this alleged finding of fact No. 10 is a conclusion from certain alleged facts said to be found in other findings. An examination of the findings Nos. 6 and 7 reveals that they refer solely to two actions between the defendants and Caroline Skeen. The plaintiffs were not parties thereto. One of these actions was to set aside the deed from defendants to Caroline Skeen, and the other was for a partition of the property. The last paragraph of No. 7, supra, consists of the following language:

"That both of said judgments have become final and have never been appealed from and that there are no proceedings pending to review or modify said judgments or either of them."

It is then set forth in finding No. 8, supra:

"That the plaintiffs in this action were at all times aware of the claim of the defendants herein to said real estate and said plaintiffs knew of the pending of said actions and attended the court at the trial of each of said cases aforesaid, and not only had actual knowledge of the pending af said actions but made no objection whatever to the claim of these defendants to said property until the bringing of this action of January 30, 1925."

Under the first action which was to set aside the deed from the defendants to Caroline Skeen, decided October 8, 1924, the plaintiff's were not parties, and it is difficult to see in what way they could properly be made parties. The conveyance sought to be set aside was between the parties to it, viz. the defendants and Caroline Skeen. Surely no laches or estopped could arise against the plaintiffs out of such a situation.

The second action was between the same parties as the first. It was for a partition. If Caroline Skeen had been found to be the owner of the property, plaintiffs would have

no interest therein until her death. If she were not the owner of it and held it subject to the contract claimed by the plaintiffs, they would likewise be precluded from acting upon the alleged contract until the death of Caroline Skeen; and until plaintiffs have established the alleged contract why should they be required to act at all?

It will be observed that there are no facts found touching any matter requiring the plaintiffs to act or from which a failure to act could either affect their rights or those of the defendants in relation to matters either alleged or proved or set forth in the purported findings of fact.

Laches and estoppel are conclusions of law, and, to be supported, must be based upon facts found. We are of the opinion that the amended finding is still not responsive to the issue. The trial court has found there was no contract as alleged between plaintiffs, defendants, and Caroline Skeen. Was there any contract or understanding at all as to this property? If there was, it should be alleged and proved; if there was not, then it should be alleged and proved who has title and how acquired. All parties start from the alleged ownership of William Skeen. Facing a finding that the deed from William Skeen is void, and no proof of any agreement as to another ownership, and a finding that there was no agreement between plaintiffs, defendants, and Caroline Skeen as alleged, presents a problem precluding solution by this court.

One other question is presented on this appeal arising out of the amendment to the pleadings. There was pleaded in bar certain statutes, viz. sections 5811, 5813, 5817, 5821, 4874, 6449, 6450, 6451, 6452, 6453, 6454, and 6455, Comp Laws Utah 1917.

The trial court made findings, entered conclusions, and judgment that the action was barred by these sections.

It is to be remembered the trial court found there was no contract between Caroline Skeen and the plaintiffs and defendants. Section 5811, Comp. Laws Utah 1917, relates to transfers, leases, powers of attorneys, deeds, or conveyances,

affecting lands, and requires all such to be in writing and signed. In view of the finding of no contract, it is difficult to appreciate how or why one should be either barred or not barred by the statute. The finding of no contract at all eliminates any question as to a requirement that it should be in writing and subscribed by the party or by his agent. The same may be said as to sections 5813, 5817, 4874, Comp. Laws Utah 1917, and as to section 5821, which relates to conveyances to hinder or defraud creditors, no question of fraud is raised by the pleadings, nor was there offered any evidence relating to such question, and, as above stated, the finding that there was no contract between the parties eliminates the possibility of making any application of those sections to the issues in this action. The respondents also pleaded section 6449, Comp. Laws Utah 1917, in bar, and the trial court found in their favor upon the provisions of that section also.

The respondents submitted and the court approved purported findings and entered conclusions of law and judgment upon section 6450, 6451, 6452, 6453, 6454, and 6455, Comp. Laws Utah 1917. The purported findings complained of are all in the same language as the ■ conclusions of law and judgment, and are therefore mere conclusions. Why these were submitted to the trial court or why no findings of fact were made in view of the evidence in support of these conclusions does not appear. Nor are there any findings of fact in support of the other conclusions arising out of the pleadings relating to the action being barred by virtue of the sections of the statutes above referred to. These matters are referred to because of the assignments of error and arguments of appellants.

It is pleaded, admitted, and found that Caroline Skeen died on or about December 1, 1925. It is found that the real property involved in the action "is the property conveyed by William Skeen and Caroline Skeen, his wife, as grantors to the defendants, as grantees," by the deed, Exhibit B, and that the defendants Rose Van Sickle, Ada Williams, Pearl.

Martin, and Lydia Taylor are each the owners of an undivided one-fifth, and that the heirs at law of the estate of Caroline Skeen deceased, share and share alike, are the owners of the remaining one-fith interest in the property in controversy.

It is to be observed that all the heirs of William Skeen, deceased, except the plaintiffs and defendants to this action, quitclaimed the property in question to Caroline Skeen. There is no determination what interest, if any, was conveyed by the heirs not parties to the action, and those heirs are not claiming any interest in the porperty, and neither plaintiffs nor defendants are claiming as heirs of Caroline Skeen.

In the final analysis the deraignment of title in order to come to the defendants, and the heirs of Caroline Skeen, deceased, in the proportions as found by the trial court, must come through a conveyance of all the heirs of William Skeen, deceased, or through Exhibit B, which this court has said "is void for want of delivery by the grantor," or through some other document, agreement, or deraignment of title.

This court said on the former appeal:

"What Caroline Skeen and the defendants may have agreed to * * * as between themselves is not responsive to the real issue."

Clearly this statement is correct. This court unfortunately further stated, and this is probably what caused the trial court and counsel to adopt the theory upon which the amended finding was made, viz:

"that is, what they agreed to as between them and the other heirs including the plaintiffs here as alleged in the complaint."

What is responsive to the issues and what may be material, or essential to support a judgment, are different matters. It may or may not be possible to allege and prove facts from which a determination of the question of ownership of the property in question may be determined. If an

understanding was arrived at between the heirs of William Skeen as to a disposition of this property, it is not made to appear.

The cause is therefore remanded to the trial court, with directions to permit the parties to further plead, if they or any of them shall desire, and thereupon to submit further evidence, if they so desire, and to take such further proceedings as the court in its discretion may determine; costs on this appeal to be taxed against the respondents.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.